### (January 20, 1939.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM E. WOOLLARD, Relator, Respondent, v. RICHARD J. LEWIS, as Commissioner of Assessments and Taxation of the City of Albany, N. Y., and Others, Appellants. (Re Premises 67 North Pearl Street; Assessment of 1937.)

Hill, P. J., Rhodes, Bliss and Heffernan, JJ., concur; McNamee, J., dissents, with an opinion.

McNAMEE, J. (dissenting). The investment property in question, 67 North Pearl street in Albany, was assessed in 1937 at $173,000. The relator bought it in 1913 when he foreclosed his second mortgage. At that time there was $125,000 in mortgages on the property. Then it produced an annual rent of $6,000. The rental income increased from then until 1930, to $13,500. It is now leased for a period of ten years from August 1, 1936, at a yearly rental of $14,000 for the first five years, and $15,000 for the remaining five years. This lease covers only a part of one floor of the four-story building. Also, the tenant is obligated by the lease to make all repairs, and provide the relator with liability insurance covering the premises and the street in front of them. In 1925 the relator sought from the Albany Savings Bank a loan by way of mortgage on the premises, and in his signed application stated that the property then was worth $275,000 and that the building was to be insured for $75,000. This was before the building was improved and modernized. Despite this history and these facts, the relator swore the entire property was worth only $75,000; and his expert witness, his expert in many cases, swore the value of the entire property was $92,675. And thereupon the assessment was reduced in this proceeding to $78,540. This provides for a gross percentage income of approximately twenty per cent. Such testimony, findings and result partake of the nature of extravaganza, and should not be countenanced by the courts.

The respondents swore two disinterested witnesses, one the representative of a savings bank of the city. They gave evidence that the property had a debt-

paying value of $211,875 and $221,875, respectively. These witnesses were neither impeached nor cross-examined by the relator. They but confirmed in a marked degree the values which the relator himself placed on the property by his earlier conduct when the question of taxes was not pressing. The presumption of the correctness of the assessment is abundantly supported by the evidence produced from witnesses on both sides.

The method used by the referee and the Special Term to compute the ratio which the full value of property in Albany bears to the assessed value, is arithmetically wrong. The result sought is one of average percentage. The average per cent should be found by averaging *percentage*, not lump values and lump assessments. The error was further discussed in the dissent in *People ex rel. Hagy* v. *Lewis* (255 App. Div. 916).

The order should be reversed, and the assessment sustained, with costs.